**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Liu Liangli, | Case No.: 2:26-cv-01093-JAD-EJY |
| Petitioner | **Order Appointing Counsel and Directing Service of 28 U.S.C. § 2241 Petition** |
| v. | |
| John Mattos, et al., | [ECF No. 1] |
| Respondents | |

Petitioner Liu Liangli, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241.[1]

Broadly construing the petition, Liangli asserts that his detention is unlawful.[2] But the petition's sole allegations are that he has been subjected to prolonged detention and has been in custody since September 5, 2025.[3] Without more, this is insufficient to permit this court to determine if petitioner has already been subject to the 90-day mandatory removal period under 8 U.S.C. § 1231(a)(1)(A) or detained beyond the six-month presumptively reasonable period from *Zadvydas v. Davis,* 533 U.S. 678 (2001). So I defer ruling on the petition, but I also find that appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[4] I also direct that the petition be

---

[1] ECF No. 1.

[2] ECF No. 1-1 at 2.

[3] *Id*. at 4, 7.

[4] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

served on the United States Attorney's Office for the District of Nevada, given that it will be representing at least one respondent in this matter if an amended petition is filed.

IT IS THEREFORE ORDERED that **the Federal Public Defender for the District of Nevada is appointed to represent the petitioner** and is directed to file a notice of appearance (or indicate its inability to represent petitioner) within 7 days of the date of this order.  If the Federal Public Defender is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed.  Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.  If the Federal Public Defender files a notice of appearance in this matter, it will then have 30 days to file either (1) an amended petition or (2) a motion to dismiss the petition.  The Federal Public Defender must effectuate service of the amended petition on the respondents.

IT IS FURTHER ORDERED that the petition (ECF No. 1) is deferred and that **the Clerk of Court is directed to:**

1. **SEND** a copy of the petition (ECF No. 1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division;

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party.  Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243;

3.  **MAIL** a copy of the petition (ECF No. 1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060; and

4.  **SEND**, through CM/ECF, a copy of the petition (ECF No. 1) and this order to counsel for John Mattos: Ashlee Hesman at ahesman@strucklove.com.

IT IS FURTHER ORDERED that that **the respondents must not transfer the petitioner out of this district**, with the exception of effectuating the petitioner's lawful deportation.[5]  In the event of a lawful deportation, respondents' counsel must file a notice with the court within 5 days after deportation.

_____

U.S. District Judge Jennifer A. Dorsey

April 10, 2026

---

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3